UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christine L. Porter

   v.                                     Civil No. 10-cv-056-PB

FNU Thadani[1]

## REPORT AND RECOMMENDATION

Pro se plaintiff, Christine L. Porter, has filed suit against her doctor, Dr. Thadani, seeking relief relating to a rash that she developed after she took the generic drug, topiramate. I construe the Complaint as also intending to state a claim against the state agency that administers the Medicaid program for the State of Vermont, for substituting the generic drug for the medication prescribed for her by Dr. Thadani.

The Complaint is before me for a preliminary review to determine, among other things, whether this Court's subject matter jurisdiction has been invoked, and whether the Complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2)(B); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). The Complaint includes a number of attachments, which I construe for all

---

[1]Plaintiff has not provided this court with the first name of defendant, Dr. Thadani. The acronym "FNU" stands for first name unknown.

purposes to be part of the Complaint.  <u>See</u> Fed. R. Civ. P. 10(c).

<u>Standard of Review</u>

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(1).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly [pleaded]."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997); <u>see also</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, <u>see</u> <u>Erickson</u>, 551 U.S. at 94, "contain[s] sufficient factual

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted).  Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

## Background

Porter, a Vermont resident, is enrolled in Medicaid, a public assistance program covering certain low-income individuals' health care expenses, funded in part by the federal government and the states.  See 42 U.S.C. §§ 1396-1396v.  Participating states must develop a medical assistance plan for the approval of the Secretary of Health and Human Services.  See id. § 1396.  The Office of Vermont Health Access is the Vermont state agency that administers the approved State Medicaid Plan.  Medicaid in Vermont includes coverage for prescription drugs.

Dr. Thadani, who resides in New Hampshire, has treated Porter. Porter has a history of allergies and immune system problems known to Dr. Thadani. Dr. Thadani prescribed a certain medication for Porter. Thadani did not tell Medicaid about Porter's allergies and immune system problems before the medication was dispensed. As a result, Medicaid did not cover the more expensive prescribed medication. I presume from the facts alleged that Dr. Thadani did not obtain prior authorization for the medication at issue. The prescription was filled with a generic drug, topiramate.

The generic drug caused a rash on Porter's arm. Perspiration aggravates the rash. Because of the rash and her other medical problems, Porter will have to be hospitalized to be weaned from the topiramate, and a new medication will have to be found for her.

Porter has asserted that Vermont Medicaid is liable to her because it caused the substitution of the generic drug that caused her rash. Porter has also asserted facts that I liberally construe as stating a claim against her health care provider, Dr. Thadani, for medical malpractice, relating to the doctor's failure to provide sufficient information to Medicaid to ensure

that the generic drug would not be dispensed to Porter.[2]

## Discussion

I.  <u>Vermont Medicaid</u>

The federal civil rights act, 42 U.S.C. § 1983, creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  <u>See</u> <u>id.</u>; <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981); <u>Wilson v. Town of Mendon</u>, 294 F.3d 1, 6 (1st Cir. 2002).  Certain Medicaid provisions have been held to create federal statutory rights that are enforceable through section 1983.  <u>See, e.g.</u>, <u>S.D. ex rel Dickson v. Hood</u>, 391 F. 3d 581, 584 (5th Cir. 2004) (Medicaid provision, 42 U.S.C. § 1396a(a)(10), creates enforceable right to listed services for eligible individuals, including early and periodic screening, diagnostic, and treatment services for eligible persons under age 21); <u>Bryson v. Shumway</u>, 308 F.3d 79, 88 (1st Cir. 2002) (Medicaid provision requiring states to provide medical assistance with "reasonable promptness" to all eligible individuals is enforceable under section 1983).

Porter's claim against Vermont Medicaid is not analogous to

---

[2]The identification of the claims in this Report and Recommendation will be considered to be the claims raised in the complaint (doc. no. 1) for all purposes.  If Porter disagrees with this identification, she must file an objection to the Report and Recommendation within fourteen (14) days of receipt of this notice or properly move to amend the complaint.

such cases.  No federal law requires states to ensure that generic drugs are never substituted for more expensive medications.  Among other things, states are authorized to impose prior authorization requirements for outpatient prescription medications.  See 42 U.S.C. § 1396r-8(d)(5); see also Pharmaceutical Res. & Mfrs. of Am. v. Concannon, 249 F.3d 66, 75 (1st Cir. 2001).  The facts alleged suggest that the medication at issue was subject to a prior authorization requirement, and that Dr. Thadani did not seek to obtain prior authorization before the generic was dispensed.

Furthermore, Porter is apparently requesting damages.  Claims for damages cannot be maintained against unconsenting states and their agencies, absent Congressional abrogation of the State's sovereign immunity.  See Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009) (citation and internal quotation marks omitted); see also See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  Neither a waiver of sovereign immunity nor any Congressional abrogation of that immunity exists as to the claim here.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989); see also 12 Vt. Stat. Ann. § 5601(g) (Vermont Tort Claims Act reserves Eleventh Amendment immunity for claims not explicitly waived).  Porter has identified no individual who may be liable for such damages as to

the claim against Medicaid.  Accordingly, Porter's claim against Vermont Medicaid should be dismissed.

II. Dr. Thadani

In the interest of fairness to the pro se litigant, I have construed the complaint liberally in favor of finding an intent to state a claim against Dr. Thadani, even though Porter's intent in this regard is not clear.  For reasons stated below, however, the claim against Thadani should not proceed until Porter files an amended complaint showing that the amount in controversy exceeds $75,000.

Federal Courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  Id. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; see also Bender v. Williamsport Area Sch. Dist, 475 U.S. 534, 541 (1986).  If it appears that the court lacks subject matter jurisdiction over the matter, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

Assuming that Porter's claim against Vermont Medicaid under 42 U.S.C. § 1983 could be characterized as colorable, this court would have supplemental jurisdiction over the claim against Dr. Thadani.  Should the court accept my recommendation to dismiss

the claim against Vermont Medicaid, however, no claim asserted under federal law would remain in this action.  Under such circumstances, dismissal of the entire case would be appropriate, unless Porter establishes another basis for subject matter jurisdiction.  <u>See</u> 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction if all claims over which it has original jurisdiction have been dismissed).

Under 28 U.S.C. § 1332(a)(1), this court has subject matter jurisdiction over certain civil suits involving only state law causes of action if the parties are citizens of different states, and if the amount in controversy exceeds $75,000.  Here, Porter and Thadani apparently reside in different states, but Porter has not shown that the value of her claim exceeds $75,000.  Her allegations in this regard are conflicting:  she has asserted that the rash goes away if she uses deodorant, but she has also asserted that the consequences of her taking the generic drug are significant.  She has claimed that she must be hospitalized, and that she is in a dangerous situation.  In an Order issued this date, I have granted Porter an opportunity to file an amended complaint for the purposes of clarifying whether her claim against Dr. Thadani is for damages exceeding $75,000.

Conclusion

The claim asserted against Vermont Medicaid should be

dismissed for reasons set forth above. In accordance with the Order issued this date, Porter shall file an Amended Complaint within 30 days stating the amount of damages, if any, that she is claiming to have suffered as a result of Dr. Thadani's medical malpractice.

Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: March 15, 2010

cc: Christine L. Porter, pro se